UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RHONDA J. PLUMMER**,

       **Plaintiffs**,

                                           **Civil Action 2:17-cv-265**
                                           **Chief Judge Edmund A. Sargus, Jr.**
       v.                                     **Magistrate Judge Chelsey M. Vascura**


**AT&T, INC.**, *et al.*,

       **Defendants.**


## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Discovery to Supplement the Administrative Record (ECF No. 11) in this action under the Employee Retirement Income Security Act ("ERISA"). Plaintiff asserts a number of claims, but the claim that relates most closely to the current motion is for abuse of discretionary authority by AT&T, Inc., ("AT&T") as the administrator of the AT&T Pension Benefit Plan (the "Plan"). Plaintiff alleges that AT&T, as both Plan administrator and Plan sponsor, was operating under an inherent conflict of interest when it denied her claim for pension benefits as the surviving spouse of Jimmy Plummer, a Plan participant.

Plaintiff and Jimmy Plummer had been married for approximately 18 years when Mr. Plummer's employment with AT&T ended in February 2008. They had not been living together for some period of time, however, and Plaintiff was unaware that Jimmy Plummer had requested a 100% payout of his accrued pension benefit under the Plan. In making the request, Jimmy Plummer had misrepresented that he was single. On the basis of that representation, Defendants

allowed Mr. Plummer to take a 100% payout, even though Plaintiff was entitled to a 50% surviving spouse benefit because she was married to Mr. Plummer at the time of the payout. When Jimmy Plummer died in 2015, Plaintiff requested her 50% payout, only to learn that Jimmy Plummer had already taken 100% of the accrued pension benefit. AT&T denied Plaintiff's claim, and the AT&T Benefit Plan Committee denied Plaintiff's appeal.

In the current motion, Plaintiff asks the Court to permit her to conduct limited discovery for the purposes of demonstrating bias on the part of AT&T as Plan administrator and sponsor and procedural due process irregularities. She argues that AT&T's dual role as administrator and sponsor gives rise to an inherent conflict of interest and that its conduct in connection with the 100% payout to Jimmy Plummer and its denial of Plaintiff's subsequent claim for a 50% payout suggests that bias may have led to procedural failures on the part of AT&T and the other defendants.

Ordinarily, a plaintiff who sues to recover benefits under ERISA cannot rely on evidence from outside the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 618 (6th Cir. 1998) (Gilman, J. concurring and joined by Ryan, J.); *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 381 (6th Cir. 1996). A narrow exception applies, however, if additional evidence is necessary to resolve a claimant's procedural challenge to the administrator's decision to deny benefits. *Wilkins,* 150 F.3d at 618 (Gilman, J. concurring and joined by Ryan, J.). Procedural challenges to an administrator's decision include "an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.*

An ERISA plaintiff cannot obtain discovery beyond the administrative record by simply alleging bias, even if the alleged bias arises from the inherent conflict of interest created by dual role as Plan administrator and Plan sponsor. *See Johnson v. Connecticut Gen. Life Ins. Co.*, 324

F. App'x 459, 467 (6th Cir. 2009); *Putney v. Med. Mut. Of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004). Rather, the plaintiff must raise a "colorable procedural challenge" in order to persuade the district court that limited discovery is appropriate. *Johnson*, 324 F. App'x at 467; *see also Bell v. Ameritech Sickness & Accident Disabilities Benefits Plan*, 399 F. App'x 991, 998 (6th Cir. 2010).

Two separate but related events are at the heart of Plaintiff's claims in this case. First, in 2008, Jimmy Plummer misrepresented to Defendants that he was single and requested a 100% payout of accrued pension benefit. On the basis of Jimmy Plummer's representation, AT&T paid out 100% of the benefit to Jimmy Plummer, effectively terminating Plaintiff's right to claim 50% of the benefit upon Jimmy Plummer's death. Second, Defendants denied Plaintiff's claim after Jimmy Plummer's death in 2015. Plaintiff's procedural challenge is to the 100% payout in 2008, and it does not justify discovery beyond the administrative record.

In her effort to persuade the Court that she is entitled to conduct discovery to attempt to demonstrate that AT&T's bias resulted in procedural irregularities, Plaintiff has argued that AT&T stood to lose financially had it determined that Plaintiff had a valid claim for surviving spouse benefits in 2015. Plaintiff's argument is, of course, correct in the sense that the Plan would have had to pay Plaintiff, but it merely identifies the inherent conflict of interest recognized in *Wilkins*. Plaintiff has not identified any possible procedural irregularity in the denial of her claim in 2015. On the other hand, she identifies a number of alleged procedural irregularities with respect to the 100% payout to Jimmy Plummer, but AT&T's conflict of interest could not have caused those irregularities.

The accrued pension benefit in Jimmy Plummer's account as of February 2008, when he requested a 100% payout, was in excess of $522,000. Had Jimmy Plummer acknowledged that

3

he was married at that time, AT&T would have paid out only 50% of that amount to Mr. Plummer. It would have retained the remainder until Mr. Plummer's death, at which time Plaintiff would have been entitled to it as a surviving spouse. In other words, any procedural irregularities that did occur in February 2008 resulted in an immediate payout of $522,000, instead of an immediate payout of $261,000. Plaintiff's theory that AT&T was motivated by bias resulting from its financial conflict of interest is completely undermined by the actual financial consequence of the 100% payout. Accordingly, the Court is not persuaded that discovery outside the administrative record for the purpose of uncovering bias is warranted. Any bias that AT&T may have had as a result of its dual status would not have led it to pay out twice what it was required to pay in 2008. Accordingly, Plaintiff's Motion for Discovery to Supplement the Administrative Record (ECF No. 11) is **DENIED**.

    **IT IS SO ORDERED**.

                                               /s/ *Chelsey M. Vascura*
                                           CHELSEY M. VASCURA
                                           UNITED STATES MAGISTRATE JUDGE